## Commonwealth v. Abrasive Company

*James H. Duff*, Attorney General, for plaintiff.

*M. C. Sheaffer*, for defendant.

RUPP, P. J., May 23, 1949.—This is an appeal by defendant from the resettlement of corporate net in-

come tax made against it for the calendar year 1940, in the amount of $18,577.08, and from the action of the Board of Finance and Revenue in refusing its petition for review.

Counsel stipulated to waive a jury trial.

At the hearing, certain documents relating to defendant's corporate net income tax account for the period involved were identified and introduced in evidence, together with a stipulation of facts agreed to by the parties. From all the foregoing we make the following

### Findings of Fact

1. Abrasive Company is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with offices in Philadelphia, Pa., and Chicago, Ill.

2. Abrasive Company filed with the Department of Revenue a corporate net income tax report for the calendar year 1940 within the time provided by law, and a settlement based on the report was made by the Department of Revenue on July 31, 1942, in the amount of $18,877.27, and approved by the Department of the Auditor General on August 7, 1942.

3. No petition for resettlement was filed within 90 days of the date of this settlement, as provided by law.

4. On March 9, 1943, the Federal Bureau of Internal Revenue notified Abrasive Company that it had made a change in income.

5. Pursuant to such notification, on April 15, 1943, Abrasive Company filed with the Department of Revenue a report of change in corporate net income showing a reduction in income from $501,994.91 to $491,553.91 and a reduction in net income to be allocated from $295,632.74 to $290,931.90.

6. The report of change filed by Abrasive Company also showed revisions in the wages and salaries and the

gross receipts fractions of the allocating formula, although these fractions, as reported in the original corporate net income tax report, were not affected by the Federal change in net income.

7. In resettling the tax against Abrasive Company based on the report of change, the taxing departments reduced the net income to be allocated from $295,632.74 to $290,931.90 and reduced the tax from $18,877.27 to $18,577.08, but made no change from the original settlement in the wages and salaries and the gross receipts fractions of the allocating formula.

8. On October 25, 1943, Abrasive Company filed a petition for review with the Board of Finance and Revenue, requesting that the revised fractions set forth in the report of change be used in the resettlement, which petition was refused on January 6, 1944.

9. Had the revised fractions set forth in the report of change been incorporated in the resettlement, the tax would have been reduced to $18,142.88, making the amount of tax in dispute $434.20.

*Statute Involved*

Section 7 of the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as variously reënacted and amended, reads, in part, as follows (72 PS §3420*g*):

"(a) If the amount of the net income, as returned by any corporation to the Federal Government, is finally changed or corrected by the Commissioner of Internal Revenue or by any other agency or court of the United States, such corporation, within thirty (30) days after the receipt of such final change or correction, shall make a *corrected report*, under oath or affirmation, to the department *showing such finally changed or corrected net income*, upon which the tax is required to be paid to the United States. In case a corporation fails to file a report of such correction, which results in an increase in net income within the

time prescribed, there shall be added to the tax, a penalty of five dollars ($5.00) for every day during which such corporation is in default, but the department may abate any such penalty in whole or in part.

"(b) *If, as a result of such final change or correction, there should be any change made in the amount of the net income of any corporation upon which tax is imposed by this act, the department shall have the power, and its duty shall be, to resettle such taxes.* Whenever a resettlement shall have been made hereunder, the department shall resettle the account according to law, and shall credit or charge, as the case may be, the amount resulting from such resettlement upon the current accounts of the corporation with which it is made. The resettlement shall be subject to audit and approval by the Department of the Auditor General, as in the case of original settlements, and in case of the failure of the two departments to agree, the resettlement shall be submitted to the Board of Finance and Revenue, as in the case of original settlements." (Italics supplied.)

Section 8 of the act, as variously reënacted and amended, reads, in part, as follows (72 PS §3420*h*):

"(b) Promptly after the date of any such settlement, the department shall send, by mail or otherwise, a copy thereof to such corporation. The tax imposed by this act shall be settled, resettled, and otherwise imposed and adjusted in the same manner, within the same periods of time, and right of resettlement, review, appeal, and refund, as provided by law in the case of capital stock and franchise taxes imposed upon corporations."

### Discussion

The question involved in this appeal is: If, under section 7 of the Corporate Net Income Tax Act, supra, a corporation files with the Department of Revenue a corrected report showing its corporate net income as

finally changed or corrected by the Federal Government, and also showing revisions in the fractions of the allocating formula, although the revisions in the fractions were not occasioned by the change in income, must a resettlement of the corporate net income tax against the corporation made pursuant to the report of change in income incorporate the revised fractions?

It is the contention of defendant that the provision in section 7 that a resettlement made pursuant to a report of change in net income is to be made "according to law" means that such a resettlement must be made according to the "substantive provisions of the Corporate Net Income Tax Act", and therefore must incorporate any correction of the original report appearing in a report of change which is proper under the language of the act, whether or not the revision of the original report was brought about by the change in income.

Accordingly, it maintains that as set forth in the original report the wages and salaries and the gross receipts fractions of the allocating formula were erroneous, while as revised in the report of change the fractions are proper under the act; and that by failing to adopt the revised fractions in resettling the tax against defendant pursuant to the report of change, the taxing departments made a resettlement which is not "according to law".

Obviously, defendant has confused a resettlement made pursuant to a report of change, as provided by section 7, with a resettlement made pursuant to a petition for resettlement generally, as provided by section 8(b) of the act, supra.

A careful reading of section 7 reveals that the purpose of a report of change is to show the net income returned by a corporation as finally changed or corrected by the Federal Government; and that the resettlement provided for therein is to be made if, and

*only* if, *"as a result of such final change or correction,* there should be any change made in the amount of the net income of any corporation upon which tax is imposed by this act". There is nothing in the wording of this section to support a conclusion that a resettlement made thereunder must incorporate revisions of the original report which appear in the corrected report but which were not occasioned by the change in income. The sole purpose of the resettlement provided by section 7 is to make such adjustment in the tax of a corporation as may be occasioned by a change in income.

The difficulty with defendant's position is that it failed to follow the proper procedure for the correction of any error in the fractions within the time prescribed by law—namely, it did not file a petition for resettlement within 90 days of the mailing to it of a copy of the original settlement, as provided in section 8(*b*), supra (incorporating therein by reference section 1102, as amended, of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1102). And but for the happening of the specific contingency provided for in section 7—i.e., a Federal change in net income—neither the corrected report nor the resettlement based thereon, and here appealed from, would have been made. In other words, defendant is attempting to take advantage of the Federal change in income to do by indirection under section 7 what it can no longer accomplish directly under section 8(*b*). This it may not do.

To hold otherwise would be to say that where, as here, subsequent to the expiration of the statutory period within which a taxpayer may petition for a resettlement generally, a Federal change in income necessitates the resettlement of the corporate net income tax of a corporation, the entire tax account of the corporation may be reopened. Far from producing a result which is "according to law", as defendant

contends, such a ruling would render absolutely meaningless the provisions of the act establishing a time limit for the filing of petitions for resettlement generally. In addition, such a ruling manifestly would discriminate against those taxpayers whose net income is not changed by the Federal Government.

It should also be noted that defendant had a further remedy which it failed to pursue—it failed to file a petition for refund, as provided by section 503, as amended, of The Fiscal Code, supra, 72 PS §503.

From all the foregoing, it follows that in resettling the 1940 corporate net income tax against defendant pursuant to the report of change, the taxing departments properly limited the resettlement to the reduction of the tax resulting from the reduction in income and refused to adopt the revised fractions. The fact that, if timely made, the revisions in the fractions would have been proper under the act, in nowise affects this conclusion.

Defendant also urges upon us that the Board of Finance and Revenue erred in refusing its petition for review. In support of this contention it argues that, contrary to the Commonwealth's position, the fact that the resettlement appealed from was not made under section 8(b) of the Corporate Net Income Tax Act, supra, did not preclude defendant from filing a petition for review; that a petition for review may be filed from any resettlement, including a resettlement made pursuant to a report of change; and that the section of The Fiscal Code governing petitions for review before the Board of Finance and Revenue—section 1103, as amended, of The Fiscal Code, supra, 72 PS §1103—places no limitation upon the questions which a taxpayer may raise, or which the Board of Finance and Revenue may consider, in the case of a petition for review which reaches the board as a result of a resettlement made pursuant to a report of change.

Thus, it maintains that the matter of the revised fractions properly was raised in the petition for review; that the revised fractions are proper under the Taxing Act; and that under the authority vested in it by section 1103 of The Fiscal Code, supra, to "resettle the account upon such basis as it shall deem according to law and equity" the board erred in failing to order a resettlement incorporating the revised fractions.

A prolonged discussion of this contention is unnecessary. Suffice it to say that, whatever the right of a taxpayer to a review from a resettlement made pursuant to a report of change, certainly on review from such a resettlement a taxpayer may not raise, and the board of review may not consider, a question which, for the above stated reasons, could not *in the first instance* be raised before, or be considered by, the resettlement board. Obviously, it would be pointless to hold that a matter may not, in the first instance, be raised before, or be considered by, the resettlement board, but may subsequently be raised before and be considered by the board of review.

Thus, the Board of Finance and Revenue properly refused defendant's petition for review requesting that the revised fractions set forth in the report of change be used in the resettlement.

*Conclusions of Law*

1. The purpose of the corrected report provided by section 7 of the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as variously reënacted and amended, 72 PS §3420g, is to show the net income returned by a corporation as finally changed or corrected by the Federal Government.

2. The resettlement provided for in section 7 of the Corporate Net Income Tax Act, supra, is to be made only if, as a result of a final change or correction by the Federal Government in the net income of a corporation, there should be any change made in the

amount of the net income of any corporation upon which tax is imposed by the act.

3. The resettlement provided for in section 7 of the Corporate Net Income Tax Act, supra, is for the sole purpose of making such adjustment in the tax of a corporation as may be occasioned by a change in income, and may not incorporate revisions of the original report which appear in the corrected report but which were not occasioned by the change in income.

4. In resettling the 1940 corporate net income tax against Abrasive Company pursuant to the report of change, the taxing departments properly limited the resettlement to the reduction of the tax to $18,577.08, resulting from the reduction in income, and refused to adopt the revised fractions.

5. The Board of Finance and Revenue properly refused Abrasive Company's petition for review requesting that the revised fractions set forth in the report of change be used in the resettlement.

6. The entire amount of tax due the Commonwealth having been paid, judgment must be entered in favor of the Commonwealth and against defendant in accordance with the following schedule:

| | |
|---|---|
| Amount of tax claimed by the Commonwealth.. | $18,577.08 |
| Amount of tax claimed to be due by defendant. | 18,142.88 |
| Amount of tax in dispute.................... | 434.20 |
| Attorney General's commission at 5% on the amount of tax in dispute ................ | 21.71 |

### Judgment

And now, May 23, 1949, judgment is hereby directed to be entered in favor of the Commonwealth and against defendant in the amount of $21.71, unless exceptions be filed within the time specified by law.